(Rev. 5/05)

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
OCT 22 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

(1) Andre L. Jackson   SBI# 245387
(Name of Plaintiff)   (Inmate Number)

Del. Corr. Center 1181, Paddock Rd. Smyrna Del 19977
(Complete Address with zip code)

(2) _____
(Name of Plaintiff)   (Inmate Number)

_____
(Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) Thomas Carroll
(2) David E. Pierce
(3) Carl Danberg
(Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

- 07 - 663 -
(Case Number)
( to be assigned by U.S. District Court)

CIVIL COMPLAINT

• • Jury Trial Requested

I. PREVIOUS LAWSUITS

A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

See Attached Sheets

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

Plaintiff - Andre L. Jackson

Defendants: Thomas Carroll
2- David Pierce
3- David Holman
4- Ronnie Drake
5- Carl Danberg
6- Bryan D. Andrews
7- Ramon Carter
8- Monica Watson
9- Madeline Lynch

I. PREVIOUS LAWSUITS
  A. NO

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. YES
B. YES
C. YES

1. I wrote a grievance, Thomas Carroll, David Pierce, David Holman, Ronnie Drake, Carl Danberg, Mental health personel, Sarah Schraeder

2. There was no results they never let me file charges for those officers assulting me.

II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? (X) Yes • • No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? X• Yes • • No

C. If your answer to "B" is Yes:

1. What steps did you take? See Attached Sheets

2. What was the result? See Attached Sheets

D. If your answer to "B" is No, explain why not: N/A

III. DEFENDANTS (in order listed on the caption)

(1) Name of first defendant: See Attached Sheets

Employed as _____ at _____

Mailing address with zip code: _____

(2) Name of second defendant: See Attached Sheets

Employed as _____ at _____

Mailing address with zip code: _____

(3) Name of third defendant: See Attached Sheets

Employed as _____ at _____

Mailing address with zip code: _____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

## III. DEFENDANTS

1. Thomas Carroll
Employed as the Warden at Delaware Correctional Center 1181 Paddock Rd. Smyrna Delaware 19977 He is sued in his individual capacity.

2. David Pierce
Employed as the Deputy Warden at Delaware Correctional Center 1181 Paddock Rd. Smyrna Delaware 19977 He is sued in his individual capacity.

3. Ronnie Drake
Employed as the Director of the Internal Affairs Unit at Delaware Correctional Center 1181 Paddock Rd Smyrna Delaware 19977 He is sued in his individual capacity.

4. Carl Danberg
Employed as the Commissioner of Prisons in the State of Delaware 245 McKee Rd Dover Del 19904 He is sued in his individual capacity

5. David Holman
Employed as the Security Superintendant at Delaware Correctional Center 1181 Paddock Rd Smyrna Del 19977 He is sued in his individual capacity

6. Bryan D. Andrews
Employed as a Correctional Officer at Delaware Correctional Center 1181 Paddock Rd Smyrna Delaware 19977 He is sued in his individual Capacity

7. Ramon Carter
Employed as a Correctional Officer at Delaware Correctional Center 1181 Paddock Rd Smyrna Delaware 19977 He is sued in his individual Capacity

8. Monica Watson
Employed as a Correctional officer at Delaware Correctional Center 1181 Paddock Rd Smyrna Delaware 19977 She is sued in her individual capacity

9. Madeline Lynch
Employed as a Correctional officer at Delaware Correctional Center 1181 Paddock Rd Smyrna Delaware 19977 she is sued in her individual capacity

Note: #3 Ronnie Drake
Employed as the Director of the Internal Affairs Unit at Delaware Correctional Center 245 McKee Rd. Dover, Delaware 19904 He is sued in his Individual Capacity

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. See Attached Sheets

2. See Attached Sheets

3. See Attached sheets

V. RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. See Attached sheet

3

## IV. STATEMENT OF CLAIM

1. On August 29, 2006 I got down on my hands and knees and put my hands behind my back and said I'm not locking in my cell cause me and my cellmate were having problems. I showed no force at all. Correctional officers Bryan Andrews, Ramon Carter, Madelene Lynch. and Monica Watson dragged me from the front of Building 21-A-tick all the way back to my cell which is located in the back of the tier cell A-Lower 12, once inside my cell they banged my head on the wall and the floor several times and told me if I move when they left they would do it again. I had a knot on my head the size of a baseball and my eye was a little swelling. They came back 20 minutes later and took me to Isolation for 15 days. While in Isolation I started to experience off and on excruciating headaches and started have blackouts off and on.

2. This whole incident took place on 8 to 4 shift between 2:15 and 3:00pm. Once I came out of Isolation I wrote Warden Thomas Carroll, Deputy Warden Pierce, Security Superintendant Major Holman, Director of Internal Affairs Ronnie Drake, a grievance, Mental health personel, Building 21 counselor Sarah Schraeder, Commissioner Carl Danberg and the Attorney General office Joe biden III.

3. I recieved a couple letters back but they kept telling me to write someone else or that someone else would look into it. But I never got the chance to press charges on those correctional officers like I ask to be down, they all seen the damage that was done to the side of my face and eye.

V. RELIEF

1. The actions of c/o Andrews, Carter, Waston and Lynch in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, and also constituted the tort of Assault and battery under the law of Delaware.

2. The failure of defendants Thomas Carroll, David Pierce, David Holman, Ronnie Drake and Carl Danberg to properly investigate the matter and to have correctional officers arrested constituted deliberate indifference and contributed to and proximately caused the above described violation of Eighth Amendment rights and assault and battery.

WHEREFORE, plaintiff request that the court grant the following relief:

A. Issue a declaratory Judgement stating that:
   1. The physical abuse of the plaintiff by defendants Andrews, Carter, Watson, and Lynch violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law.

2. Defendants Carroll, Pierce, Holman, Drake, Danberg failure to take action to curb the physical abuse of prisoners violated the plaintiff's rights under the Eighth Amendment to the United States Constitution and constituted an assault and battery under state law and neglect.

B. Issue an injunction ordering defendants Thomas Carroll, David Pierce, David Holman and Carl Danberg or their agents to

1. Immediately arrange for plaintiff to be moved to Sussex County Correctional Center and away from the defendants that assault Plaintiff to insure Plaintiff's safety without Delay.

C. Award compensatory damages in the following amount:

1. $300,000 jointly and severally against defendants Andrews, Carter, Watson, and Lynch for the physical and emotional injuries sustained as a result of the plaintiffs beating.

2. $100,000 jointly and severally against defendants Carroll, Pierce, Drake, Danberg, and Holman for their neglect and emotional injury resulting from their failure to investigate the matter and to hold correctional officers that beat plaintiff accountable for their actions.

D. Award punitive damages in the following amounts:

1. $25,000 each against defendants Andrews, Carter, Watson, and Lynch

2. $10,000 each against defendants Carroll, Pierce, Drake, Danberg and Holman

F. Grant such other relief as it may appear that plaintiff is entitled.

2. *See Attached sheet*

3. *See Attached sheet*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __16th__ day of __October__, 2__007__.

__Andre L. Jackson__
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4



I/M: Andre L. Jackson
SBI# 245389   UNIT 17-C-L-7
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

U.S.M.S. X-RAY

Clerk U.S. District Court
Lock Box 18
844 N. King Street
Wilmington Delaware 19801